NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7277

VICTOR WHITE, JR.,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Victor White, Jr., of Stamps, Arkansas, pro se.

Kenneth S. Kessler, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7277

VICTOR WHITE, JR.,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-0661, Judge Lawrence B. Hagel.

_____

DECIDED: March 4, 2008

_____

Before MICHEL, Chief Judge, LINN and PROST, Circuit Judges.

PER CURIAM.

Victor White, Jr., a veteran, appeals a June 25, 2007, decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a denial by the Board of Veterans' Appeals ("Board") of his claims for benefits for a skin disorder of the feet and for post-traumatic stress disorder ("PTSD"). We dismiss for lack of jurisdiction.

## DISCUSSION

On March 20, 2005, the Board denied Mr. White's claim for benefits for a skin disorder of the feet, finding that he failed to establish service connection. The Board also denied Mr. White's claim for PTSD, finding that he failed to present new and

material evidence. On June 25, 2007, the Veterans Court affirmed. <u>White v. Nicholson</u>, No. 05-0661 (Vet. App. June 25, 2007). Mr. White appeals the decision of the Veterans Court.

In review of a Veterans Court decision, this court decides "all relevant questions of law, including interpreting constitutional and statutory provisions" and sets aside any regulation or interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1). "Construction of a statute or regulation is a question of law we review de novo." <u>Summer v. Gober</u>, 225 F.3d 1293, 1295 (Fed. Cir. 2000). Except to the extent that an appeal of a Veterans Court decision presents a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Mr. White does not contend that the Veterans Court decision presents any constitutional issues. He does contend, however, that the decision of the Veterans Court involved the validity or interpretation of a statute or regulation. In support of this contention, Mr. White claims that he has been going to the Department of Veterans Affairs ("VA") hospital since 1976 for a nervous condition and that the VA informed him that he was sprayed by Agent Orange during service. Mr. White additionally seems to argue that the Veterans Court erred by failing to consider his

medical records from Vietnam, failing to mention Agent Orange in its decision, and failing to rule in his favor as to his skin disorder and PTSD claims.

Because Mr. White served on active duty in Vietnam from March 1969 to December 1972, he may be presumed to have been exposed to Agent Orange or a similar herbicide during said service for purposes of attempting to establish service connection for a disability allegedly resulting from said exposure.  See 38 U.S.C. § 1116(f).  Mr. White's skin disorder, however, is not a condition subject to presumptive service connection by regulation, see 38 C.F.R. § 3.309(e), and his arguments on appeal regarding service connection for the skin disorder raise only factual issues which are not within our jurisdiction.  Similarly, even assuming that Mr. White suffers from one or more mental disorders and that he has been going to the VA hospital since 1976 for a nervous condition, his arguments on appeal regarding PTSD again raise only factual issues which are not within our jurisdiction.

Because Mr. White's arguments only challenge factual determinations or applications of law to fact, we lack jurisdiction to review the decision of the Veterans Court.  See 38 U.S.C. § 7292(d)(2).

## CONCLUSION

For the aforementioned reasons, we dismiss for lack of jurisdiction.

## COSTS

No costs.